UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20049-CIV-MOORE/SIMONTON

NATIONAL ALLIANCE FOR
ACCESSABILITY and
DENISE PAYNE,

    Plaintiffs,
v.

CALDER RACE COURSE, INC.,

    Defendant.
                                   /

## ORDER ON PLAINTIFFS' MOTION
## TO COMPEL INSPECTION

Presently pending before the Court is Plaintiffs' Motion to Compel Inspection (DE # 29). The Motion is fully briefed (DE ## 31, 44) and has been referred to the undersigned (DE # 6). For the following reasons, the Plaintiffs' Motion is GRANTED.

### I. BACKGROUND

This matter was initiated when Plaintiffs National Alliance For Accessability, Inc., ("Alliance") and Denise Payne ("Payne") filed a Complaint against Defendant Calder Race Course Inc., ("Calder") for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Florida Accessability Code ("FAC") (DE # 1). In the Complaint, Plaintiffs allege that Plaintiff Denise Payne, a qualified disabled individual under the ADA, encountered architectural barriers at Calder Race Course, a place of public accommodation owned by Defendant. Plaintiffs have specifically identified the following areas on Defendant's property as being in violation of the ADA and the FAC: Parking, Entrance Access and Path of Travel, Access to Goods and Services, and Restrooms (DE # 1, ¶ 10). Defendant has filed an Answer wherein it raised a number of affirmative defenses to this action (DE # 15).

Plaintiffs have filed the instant Motion seeking to compel the Defendant to allow Plaintiffs to inspect the subject premises pursuant to Fed. R. Civ. Pro. 34 (DE # 29). Defendant has objected to the scope of Plaintiffs' request to inspect based upon a settlement agreement reached in a prior ADA lawsuit between the Defendant herein and different plaintiffs (DE # 31).

II. LAW & ANALYSIS

Federal Rule of Civil Procedure entitled "Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes," provides, in relevant part,

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
>
> > (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed.R.Civ.P. 34.  As provided by this Rule, a party is permitted to inspect property which falls within the scope of discovery as set forth in Rule 26 which permits parties to obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense...". Fed.R.Civ.P. 26.

In this case, pursuant to Rule 34, on July 26, 2010, Plaintiffs served a Request of Entry Upon Land for Inspection and Other Purposes, which noticed an inspection of Defendant's premises for August 10, 2010 (DE # 29-1).  The Request specifically set forth the areas at Calder Race Track which Plaintiff sought to inspect including: the Parking area, the restrooms, the entrances and paths of travel for public use, access to goods and services throughout the facility, all areas of public accommodation except those used exclusively by employees, and all other areas cited in the Complaint as being in

violation of the ADA (DE # 29-1).  Prior to the date set for by Plaintiffs the inspection, Defendant filed an Objection to the inspection asserting that because in a prior law suit Defendant agreed to complete remediations to certain areas of the Calder property pursuant to a settlement agreement that any ADA violations related to those areas has already been addressed, and thus Defendant should not have to allow Plaintiffs to re-inspect those same areas (DE # 29-2).

In response to the Defendant's Objection, in the instant Motion, Plaintiffs assert that Defendant failed to provide proof that it has complied with any of the terms of the Settlement Agreement and thus, Plaintiffs contend that they are entitled to inspect all areas of the premises at issue in this suit, notwithstanding the prior Settlement Agreement.  Plaintiffs have submitted a copy of the Settlement Agreement from the previous ADA litigation, Access Now, Inc., v. Calder Race Course, Inc., Case No. 99-2847-CIV-Gold/Simonton, (S.D. Fla. filed Oct. 22, 1999), which sets forth approximately 15 pages of "alterations and modifications" that Calder agreed to make in that action related to certain barriers at Calder Race Course which allegedly violated the ADA (DE # 29-3).  The Settlement Agreement provides, among other things, that the alterations and modifications to Calder's facilities agreed to in the Settlement Agreement "shall be completed by May 31, 2003."

Defendant relies upon this language in the Settlement Agreement to argue that Plaintiffs' claims in the instant case should be limited to "the period following May 31, 2003" and further argues that the inspection of Defendant's premises should be limited "to those facilities that were materially modified or constructed on or after May 31, 2003." (DE # 31 at 10).  Defendant contends that Plaintiffs' request to inspect violates the principles of collateral estoppel and/or res judicata to the extent it seeks to re-inspect

3

those areas that were remedied pursuant to the Settlement Agreement.

However, for the following reasons, Defendant's argument fails. First, Defendant has failed to provide any legal basis for denying Plaintiffs' discovery request to inspect the subject property. Although Defendant has asserted that many of the claims raised in Plaintiffs' Complaint are barred by either res judicata or collateral estoppel, Defendant has not moved to dismiss, strike or otherwise limit any claims raised in Plaintiffs' Complaint as being barred by those doctrines. Thus, at this time, all of the allegations contained in Plaintiffs' Complaint remain as alleged and are currently at issue before this Court. Pursuant to the dictates of Federal Rules of Civil Procedure 26 and 34, Plaintiffs are therefore entitled to inspect any property held or owned by Defendant that is nonprivileged and relevant to Plaintiffs' claims. As stated above, because the Complaint specifically alleges that certain areas of Calder Race Track are in violation of the ADA and Plaintiffs seek to inspect those very areas, Plaintiffs' request to inspect is directly relevant to Plaintiffs' claims. Although in their papers, both Parties address whether either collateral estoppel or res judicata should apply to Plaintiffs' claims, Defendant may not circumvent the applicable discovery rules by challenging the legal viability of Plaintiffs' claims through an objection to a discovery request. Rather, if Defendant seeks to limit Plaintiffs' claims based upon the doctrine of res judicata or collateral estoppel, Defendant should seek that relief through an appropriate motion dispositive motion.

Further, Defendant fails to cite to any case, statute or rule of civil procedure that supports Defendant's argument that a motion to compel inspection should be denied where the property sought to be inspected is relevant to the claims pending before the court. Instead, Defendant only cites to cases which set forth the elements necessary to

dismiss claims or deny relief based upon collateral estoppel or res judicata in various settings.  In *Griswold, III v. County of Hillsborough*, 598 F. 3d 1289 (11th Cir. 2010), *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F. 3d 1280 (11th Cir. 2004) and *Hart v. Yamaha-Parts Distributors, Inc*.,  787 F. 2d 1468 (11th Cir. 1986) for example, the Eleventh Circuit examined whether summary judgment was appropriate on res judicata and/or collateral estoppel grounds based upon prior litigation.  Similarly, in *Citibank v. Data Lease Financial Corp.*, 904 F. 2d 1498 (11th Cir. 1990), *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183 (11th Cir. 2003), the Eleventh Circuit analyzed whether claims should have been dismissed under res judicata or collateral estoppel principles.  Finally, in *United States v. Jefferson County*, 720 F. 2d 1511 (11th Cir. 1983), the Eleventh Circuit, in reviewing a district court's decision to deny a motion to intervene, examined the preclusive effect of a consent decree on claims raised by non-parties to the consent decree.  Simply put, none of those cases stand for, nor even address, the proposition that a party's discovery request should be limited in scope based upon res judicata or collateral estoppel, where no determination has been made nor sought regarding whether the claims are barred under those doctrines.  In addition, Defendant has failed to advance any other reasons for denying Plaintiffs' request to inspect the areas of the subject premises.

Accordingly, pursuant to the applicable discovery rules and based upon the claims raised in the Complaint, Plaintiffs are entitled to inspect the Defendant's property as set forth in the Request of Entry Upon Land for Inspection and Other Purposes.

### III.  CONCLUSION

Therefore, based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Inspection (DE #

5

29) is **GRANTED**.  On or before November 8, 2010 Defendant shall permit Plaintiffs to inspect the Calder Race Course premises in those areas specifically identified in Plaintiffs' Request of Entry Upon Land for Inspection and Other Purposes (DE # 29-1).

**DONE AND ORDERED** in chambers in Miami, Florida on November 2, 2010.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable K Michael Moore
    United States District Judge
All counsel of record